GRILLO, PLAINTIFF AND APPELLEE, *v.* GRILLO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Filiation.

No. 2721.—Decided December 5, 1922.

DEFAULT—FILIATION.—Considering that this is an action wherein the plaintiff seeks to be adjudged the acknowledged natural daughter of her father, who had died before the action was brought; that actions of filiation affect not only the parties to the controversy, but society in general; that the defendants having appeared in 1912 and the case not having been decided before August, 1921, they were justified in believing their attorney's information that the action was terminated; that the motion to include the case in the special docket was made after the time allowed by law, and that the case was tried three days thereafter, it seems that the ends of justice may be best served by allowing the defendants, a widow and a minor, to defend, rather than by denying their motion to that effect.

The facts are stated in the opinion.

*Mr. F. González* for the appellants.

*Mr. M. Tous Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The purpose of this action was to obtain from the court a declaration that the plaintiff is the acknowledged natural child of José A. Grillo Santiago and, he having died, his widow and legitimate minor daughter were made defendants.

Although the complaint was filed in the year 1910, the defendants were not summoned until two years later and thereupon they appeared by attorney and demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action. In consequence of that demurrer an amended complaint was filed and it was also demurred to on the same ground. On July 14, 1914, the attorneys for the parties stipulated in writing, with the court's approval, that the defendants should withdraw the demurrer and be allowed twenty days within which to answer, counting from the date of the stipulation. After this no action was taken in the case for six years, but in January of 1920 the plaintiff, without counsel, obtained from the clerk of the court an entry of the default of the defendants. The action again remained dormant until in the following year the court ordered that the parties be summoned to show cause why the plaintiff should not be considered as having abandoned the action. The plaintiff appeared and on March 28, 1921, the court held that the action should not be dismissed. On August 23, 1921, or one day after the time fixed by Act No. 94 of March 31, 1909, for the inclusion of actions in default in the special calendar of the court, the plaintiff, without authorization of the court, succeeded in having the action included in that calendar and the case was tried on August 26th without the attendance of the defendants and judgment was entered sustaining the complaint. Upon receiving notice of the judgment the defendants immediately appeared before the court by another attorney and moved to set aside the judgment and the entry of their default, pleading surprise, among other reasons, because according to the

affidavit of the mother of the minor defendant which was exhibited with the motion, the only information that she had received from her attorney since she engaged him in 1912 was that the action had terminated, and for that reason she had done nothing for the last six years; that her attorney never told her that the action was pending, nor renounced the representation of the defendants; that she was in possession of evidence sufficient to show that the plaintiff is not the daugther of José A. Grillo, and that she had engaged another attorney to whom she had stated the whole case.

The lower court overruled the defendants' motion and in an appeal from that order they allege as the sole ground in its support that the court abused the discretional power given to it by section 140 of the Code of Civil Procedure to set aside its judgment and the entry of default.

Considering that this is an action wherein the plaintiff seeks to be adjudged a natural child acknowledged by her father, who had died before the action was brought; that actions of filiation affect not only the parties to the controversy, but society in general; that the defendants having appeared in 1912 and the case not having been disposed of until August, 1921, they were justified in believing their attorney's information that the action was terminated; that the motion to include the case in the special docket was made after the time allowed by law, and that the case was tried three days thereafter, it seems that the ends of justice may be best served by allowing the defendants, a widow and a minor, to defend, rather than by denying their motion to that effect. In such circumstances the courts generally exercise benevolence in setting aside the judgment and opening the default of the defendants.

The order appealed from is reversed and the case remanded with instructions to the court below to proceed in accordance with this opinion.

*Reversed.*

Chief Justice .Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.